IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-00768-MSK-PAC

INTERNATIONAL TRUCK AND ENGINE CORPORATION,
SIEMENS DIESEL SYSTEMS TECHNOLOGY, LLC., STURMAN INDUSTRIES, INC.,
LLC., STURMAN ENGINE SYSTEMS, LLC.,

    Plaintiff(s),

v.

CATERPILLAR, INC.,

    Defendant(s).

_____

### MINUTE ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE PATRICIA A. COAN**

    Having carefully considered the alternative motions, the response and the reply, the Court finds that the deposition of former in-house counsel for Caterpillar, Anthony Woloch, may be taken concerning relevant communications with the US Patent office and concerning relevant communications with International employees about either the Caterpillar/Anesco Joint Development Agreement or the Caterpillar/Sturman Joint Development Agreement.  Deposition questioning about Mr. Woloch's communications with Caterpillar about those subjects, however, are presumptively not permitted because they are probably subject to the attorney-client privilege.  There was an insufficient showing in the papers, however, to apply the work-product doctrine to bar any questioning. Accordingly, it is hereby

    **ORDERED** that Counter defendant Caterpillar's Motion to Quash [filed April 21, 2006; Doc. No. 1] is **denied**; Caterpillar's Alternative Motion for a Protective Order Governing the Deposition of Anthony Woloch, Doc. No. 1, is **granted in part** and **denied in part** for the reasons stated.  It is further

    **ORDERED** that the Anthony Woloch deposition may take place in the magistrate judge's conference room on a date scheduled with my assistant, Lisa Gonzales-Green, who may be reached at: 303-844-4892.  In the alternative, the magistrate judge can be

available by telephone to resolve deposition questioning objections on a date when no other docket is set and which date also is coordinated with Ms. Gonzales-Green.

Dated:  June 5, 2006